## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM LUND, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| CITY OF ROCKFORD, a municipal | ) | Magistrate Judge |
| corporation, Rockford Police Officers | ) | |
| SEAN WELSH #3865, | ) | |
| TIMOTHY CAMPBELL #3852, and | ) | |
| EDDIE TORRANCE #0211, in his individual | ) | |
| and supervisory capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, William Lund, by his attorneys, MEYER & KISS, LLC, and for his Complaint against Defendants City of Rockford, Rockford Police Officers Sean Welsh (3865), Timothy Campbell (3852), and Sgt. Eddie Torrance (0211) (collectively, "Defendant Officers") states as follows:

## JURISDICTION & VENUE

1. The incident giving rise to this Complaint occurred on May 25, 2015, in the City of Rockford, County of Winnebago, Illinois.

2. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law Plaintiff's rights as secured by the United States Constitution.

3. This Court has jurisdiction pursuant to the First, Fourth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, 28 U.S.C. § 1331 and § 1343(a), and supplemental jurisdiction as provided by 28 U.S.C. § 1367(a).

4. Venue is proper under 28 U.S.C. § 1391(b) as most parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

## **PARTIES**

5. At all times relevant to this Complaint, Plaintiff William Lund was a resident of the City of Rockford.

6. At the time of the incident, Defendant City of Rockford was the employer of the Defendant Officers. The City of Rockford is sued based on a theory of *respondeat superior* on the state law claims.

7. At the time of the incident, Defendants Welsh and Campbell, who are sued in their individual capacities, were acting under color of law and within the course and scope of their employment as sworn police officers for the City of Rockford.

8. At the time of the incident, Defendant Torrance, the supervising sergeant of Defendants Welsh and Campbell, who is sued in his individual and supervisory capacity, was acting under color of law and within the course and scope of his employment as sworn police officer for the City of Rockford.

9. Defendant City of Rockford is the indemnifying entity for the actions of the Defendant Officers and is being sued on an indemnification theory.

## **INTRODUCTION**

10. Plaintiff William Lund is a freelance reporter for the Rockford Scanner.

11. The Rockford Scanner is a licensed business started in 2009 that operates a website which reports on breaking news, local events, national events, missing persons, and lost and found property in the Rockford area. Occasionally, editorials are also posted. The website can be found at www.rockfordscanner.com.

12. The Rockford Scanner was initially founded to revive interest in the hobby of scanner listening. As its audience grew exponentially, the Rockford Scanner evolved into a news/media website.

13. Currently the Rockford Scanner has over 108,000 followers, in part because it is often the first news outlet to report on breaking news. The monthly tally of website visits in January 2016 was over 22 million.

14. Oftentimes, Rockford Scanner reporters arrive on news scenes before first responders. Of the various first responders Rockford Scanner reporters routinely encounter at news scenes, it is only Rockford police that have confronted the reporters with threats and hostility.

15. The Rockford Scanner posts citizens' firsthand reports of their observations. It seeks to build a positive, safe, and informed community to aid in combating crime in the Rockford area.

## FACTS

16. On May 25, 2015, at approximately 11:30 p.m., Plaintiff William Lund was in the Mid Town district of Rockford. Before arriving at the area, Plaintiff had learned that police activity was afoot by monitoring scanner traffic.

17. Plaintiff was on a low power bicycle that had a gasoline engine of less than one horsepower. The engine on the bicycle was not able to exceed a speed of 2 0 m.p.h. Under Illinois law, an individual operating a bicycle with an engine of one horsepower or less is not required to have a driver's license or insurance.

18. When Plaintiff arrived in the Mid Town district, he witnessed what he believed to be police activity occurring near Parmelle Street and Broadway.

19. At this time, Plaintiff moved a block away and began to document the police activity with his cellular phone.

20. Defendants Welsh and Campbell approached Plaintiff and told him he needed to leave.

21. Plaintiff asked Defendants Welsh and Campbell if he was breaking any laws.

22. Defendants Welsh and Campbell told Plaintiff that he was not breaking any laws.

23. Defendants Welsh and Campbell then told Plaintiff that if he did not leave, he would be placed under arrest.

24. Plaintiff told Defendants Welsh and Campbell that he would leave.

25. As Plaintiff was leaving the area, he said goodbye to some of the officers involved in the police activity.

26. Defendants Welsh and Campbell proceeded to stop Plaintiff and place him in handcuffs. The Defendants Welsh and Campbell then reached an agreement to arrest and criminally charge Plaintiff, despite knowing he had committed no crime.

27. After Plaintiff was handcuffed, he advised Defendants Welsh and Campbell that he had a copy of the statute on his person that showed he was able to operate his low powered bicycle without insurance or a driver's license. The Defendants retrieved Plaintiff's copy of the statute, examined it, and proceeded to ticket Plaintiff anyway.

28. Plaintiff was placed under arrest and charged with obstructing a peace officer, improper lane usage, operating an uninsured vehicle and aggravated driving while license revoked. In fact, Plaintiff was only detained by Defendant Officers for photographing and documenting the police activity that was occurring on a public street, not for any of the crimes of which he was falsely charged. Defendants Welsh and Campbell initiated these criminal charges against Plaintiff knowing there was no probable cause to support them.

29. Defendant Torrance instructed Defendants Welsh and Campbell to take Plaintiff's cellular phone. There was no legal justification to seize Plaintiff's cellular phone.

30. None of the Defendant Officers intervened to prevent the unlawful arrest of Plaintiff or the willful seizure of his property, despite having a duty and opportunity to do so.

31. The Defendant Officers provided their own destructive media spin of the event, by falsely representing to several media outlets that Plaintiff had been arrested as part of a prostitution sting. Plaintiff's name and booking photo were provided to the media along with the actual prostitution suspects.

32. On February 12, 2016, all charges against Plaintiff were dismissed on motion of the Winnebago County State's Attorney's Office.

33. On March 31, 2016, Plaintiff signed a complaint against the Defendant Officers. On June 17, 2016, Plaintiff received a letter from the Rockford Chief of Police that indicated that Plaintiff's complaints against the Defendant Officers were sustained.

34. As a result of the Defendant Officers' conduct, Plaintiff suffered loss of freedom, emotional harm, and incurred legal expenses.

## <u>COUNT I -- 42 U.S.C. § 1983</u><br><u>False Arrest/Unlawful Detention</u>

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

36. The actions of Defendants Welsh and Campbell in falsely seizing, searching, detaining, and arresting Plaintiff without a warrant or probable cause violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

37. As a proximate result of the aforementioned actions by Defendants Welsh and Campbell, Plaintiff suffered loss of freedom, emotional harm, and incurred legal expenses.

   WHEREFORE, Plaintiff demands judgment, compensatory damages against Defendants Welsh and Campbell, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

### COUNT II -- 42 U.S.C. § 1983
### Unreasonable/Illegal Search & Seizure

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

39. The actions of the Defendants Welsh and Campbell of seizing Plaintiff for taking photographs, and seizing and/or destroying Plaintiff's cellular phone, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

40. As a proximate result of the aforementioned actions by Defendants Welsh and Campbell, Plaintiff suffered loss of freedom, emotional harm, and legal expenses.

   WHEREFORE, Plaintiff demands judgment, compensatory damages against Defendants Welsh and Campbell, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

### COUNT III -- 42 U.S.C. § 1983
### Failure to Intervene

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

42. The action, or inaction, of Defendants Welsh and Campbell in failing to intervene to protect Plaintiff from false arrest and unreasonable search and seizure, despite the duty and

reasonable opportunity to do so, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

43. As a proximate result of the aforementioned actions by Defendants Welsh and Campbell, Plaintiff suffered loss of freedom, emotional harm, and incurred legal expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages against Defendants Welsh and Campbell, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

## COUNT IV -- 42 U.S.C. § 1983
## Supervisory Liability

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

45. As a sergeant, Defendant Torrance acted in his role as a supervisor of Defendants Welsh and Campbell, and was also personally involved in the actions described in this Complaint.

46. Defendant Torrance knowingly and with reckless indifference to the constitutional rights of Plaintiff directed and/or consented to the actions described herein and failed to properly supervise, instruct, control, and/or discipline the other named Defendant Officers.

47. As a proximate result of the aforementioned actions by Defendant Torrance, Plaintiff suffered loss of freedom, emotional harm, and incurred legal expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages against Defendant Torrance, and because he acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

## COUNT V -- 42 U.S.C. § 1983
## First Amendment Retaliation

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

49. The First Amendment to the United States Constitution guarantees Plaintiff's rights, as a member of the press, to document matters of public concern without fear of unjust retaliation.

50. Plaintiff engaged in activity protected by the First Amendment. In direct retaliation for Plaintiff's exercise of these rights, the Defendant Officers arrested Plaintiff with no probable cause, and solely because Plaintiff was documenting police activity that was occurring on a public street. Defendant Officers' actions violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

51. The Defendant Officers further retaliated against Plaintiff by falsely informing the media that Plaintiff was part of a prostitution sting, though they knew Plaintiff was not involved in any prostitution-related activity and would not be charged with any such crime.

52. The Defendant Officers purposely provided this disinformation to the media to punish Plaintiff for his protected First Amendment activity and to discredit his professional and personal character in the community.

53. As the Defendant Officers expected, several news outlets reflexively reported this wholly negative and false information provided by the Defendant Officers. To this day, a web search of Plaintiff by his name paired with "Rockford" immediately yields several stories that feature his booking photo under sordid headlines about suspects arrested in a prostitution sting. The effect of this disinformation continues to damage Plaintiff's reputation.

54. As a proximate result of the aforementioned actions by the Defendant Officers, Plaintiff suffered loss of freedom, emotional harm, and incurred legal expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

**COUNT VI -- 42 U.S.C. § 1983**
**Conspiracy**

55. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

56. The Defendant Officers reached an agreement amongst themselves to unlawfully arrest and/or conceal any of the aforementioned illegal acts that had occurred and violated Plaintiff's First, Fourth, and Fourteenth Amendment rights to the United States Constitution and hence violated 42 U.S.C. § 1983.

57. In so doing, the Defendant Officers took actions in furtherance of this conspiracy causing injury to Plaintiff, including but not limited to arresting Plaintiff and charging him with a crime without probable cause.

58. As a result of all the aforementioned actions by the Defendant Officers, Plaintiff suffered loss of liberty, emotional harm, and legal expenses.

WHEREFORE, Plaintiff demands judgment, compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

## COUNT VII – 42 U.S.C. § 1983
## 42 U.S.C. § 1983 Malicious Prosecution[1]

59. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

60. Defendants Welsh and Campbell, despite knowing that probable cause did not exist to arrest and prosecute Plaintiff for the charges set forth above, acted individually, jointly, and/or in conspiracy, to cause Plaintiff to be arrested, detained and prosecuted for those crimes, thereby violating Plaintiff's right pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable searches and seizures and to due process.

61. On February 12, 2016, the criminal case was terminated in Plaintiff's favor when the Winnebago County State's Attorney's Office dismissed all charges.

62. As a direct and proximate cause of this violation of his constitutional rights, Plaintiff suffered the injuries set forth above, including, but not limited to, physical restraint, loss of liberty and emotional harm.

WHEREFORE, Plaintiff demands judgment, compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

## COUNT VIII – State Law Claim
## Malicious Prosecution (*Respondeat Superior*)

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

---

[1] Plaintiff recognizes that the Seventh Circuit Court of Appeals has held that there is no cause of action in Illinois for malicious prosecution under 42 U.S.C. § 1983. However, Plaintiff wishes to preserve this claim pending consideration of this issue by the United States Supreme Court in *Manuel v. City of Joliet*, No. 14-9496.

64. Defendants Welsh and Campbell maliciously caused Plaintiff to be improperly subjected to judicial proceeding(s) for which there was no probable cause.

65. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all proceedings were terminated in a manner consistent with Plaintiff's innocence.

66. As a result of all the aforementioned actions by Defendants, Plaintiff suffered loss of freedom and liberty, loss of society, emotional harm, pecuniary injury, and legal expenses.

WHEREFORE, Plaintiffs demand judgment and compensatory damages against Defendants, and because they acted maliciously, wantonly, and oppressively, Plaintiffs demand substantial punitive damages against the Defendants and any other additional relief this Court deems equitable and just.

## COUNT IX – Indemnification

67. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

68. Defendant City of Rockford is the indemnifying entity for the actions, described above, of the Defendant Officers.

WHEREFORE, pursuant to 745 ILCS 10/9-102, should Defendant City of Rockford and/or any of the Defendant Officers be found liable on one or more of the claims set forth herein, Plaintiff demands that Defendant City of Rockford be found liable for any judgment – other than punitive damages – he obtains thereon.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims.

Respectfully submitted,


*s/Louis J. Meyer*
An Attorney for Plaintiff
Attorney No. 6290221

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
53 West Jackson Blvd., Suite 856
Chicago, Illinois 61614
t. 309.713.3751
f. 312.585.7803
e.louismeyer@meyerkiss.com
e.dankiss@meyerkiss.com