IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| WILLIAM LUND, </br></br> Plaintiff, </br></br> v. </br></br> CITY OF ROCKFORD, a municipal corporation, Rockford Police Officers SEAN WELSH #3865, TIMOTHY CAMPBELL #3852, and EDDIE TORRANCE #0211, in his individual and supervisory capacities, </br></br> Defendants. | Case No. 17-cv-50035 </br></br> Magistrate Judge: Iain D. Johnston |

## DEFENDANT EDDIE TORRANCE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

EDDIE TORRANCE, one of the Defendants in the above-captioned matter, by and through his attorney, Michael F. Iasparro of HINSHAW & CULBERTSON LLP, for his Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

## JURISDICTION & VENUE

1. The incident giving rise to this Complaint occurred on May 25, 2015, in the City of Rockford, County of Winnebago, Illinois.

**ANSWER:** Officer Torrance admits the allegations in paragraph 1 of the Complaint.

2. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law Plaintiff's rights as secured by the United States Constitution.

**ANSWER:** Officer Torrance admits this case is brought pursuant to the referenced statute, but denies the remaining allegations in paragraph 2 of the Complaint.

3. This Court has jurisdiction pursuant to the First, Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, 28 U.S.C. §1331 and § 1343(a) and supplemental jurisdiction as provided by 28 U.S.C. § 1367(a).

**ANSWER:** Officer Torrance admits the allegations in paragraph 3 of the Complaint.

4. Venue is proper under 28 U.S.C. § 1391(b) as most parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

**ANSWER:** Officer Torrance admits the allegations in paragraph 4 of the Complaint.

## PARTIES

5. At all times relevant to this Complaint, Plaintiff William Lund was a resident of the City of Rockford.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 5 of the Complaint.

6. At the time of the incident, Defendant City of Rockford was the employer of the Defendant Officers. The City of Rockford is sued based on a theory of *respondeat superior* on the state law claims.

**ANSWER:** Officer Torrance admits that the City of Rockford was his employer at the time of the alleged incident, and states that the remaining allegations in paragraph 6 of the Complaint assert a legal conclusion to which no answer is required.

7. At the time of the incident, Defendants Welsh and Campbell, who are sued in their individual capacities, were acting under color of law and within the course and scope of their employment as sworn police officers for the City of Rockford.

**ANSWER:** Officer Torrance admits the allegations in paragraph 7 of the Complaint.

8. At the time of the incident, Defendant Torrance, the supervising sergeant of Defendants Welsh and Campbell, who is sued in his individual and supervisory capacity, was acting under color of law and within the course and scope of his employment as sworn police officer for the City of Rockford.

**ANSWER:** Officer Torrance admits the allegations in paragraph 8 of the Complaint.

9. Defendant City of Rockford is the indemnifying entity for the actions of the Defendant Officers and is being sued on an indemnification theory.

**ANSWER:** Officer Torrance states that the allegations in paragraph 9 of the Complaint assert a legal conclusion to which no answer is required.

## INTRODUCTION

10. Plaintiff William Lund is a freelance reporter for the Rockford Scanner.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 10 of the Complaint.

11. The Rockford Scanner is a licensed business started in 2009 that operates a website which reports on breaking news, local events, national events, missing persons, and lost and found property in the Rockford area. Occasionally, editorials are also posted. The website can be found at www.rockfordscanner.com.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 11 of the Complaint.

12. The Rockford Scanner was initially founded to revive interest in the hobby of scanner listening. As its audience grew exponentially, the Rockford Scanner evolved into a new/media website.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 12 of the Complaint.

13. Currently the Rockford Scanner has over 108,000 followers, in part because it is often the first news outlet to report on breaking news. The monthly tally of website visits in January 2016 was over 22 million.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 13 of the Complaint.

14. Oftentimes, Rockford Scanner reporters arrive on news scenes before first responders. Of the various first responders Rockford Scanner reporters routinely encounter at

news scenes, it is only Rockford police that have confronted the reporters with threats and hostility.

**ANSWER:** Officer Torrance denies that he has confronted Rockford Scanner reporters with threats and hostility, and has insufficient knowledge to admit or deny the remaining allegations in paragraph 14 of the Complaint.

15. The Rockford Scanner posts citizens' firsthand reports of their observations. It seeks to build a positive, safe, and informed community to aid in combating crime in the Rockford area.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 15 of the Complaint.

## FACTS

16. On May 25, 2015, at approximately 11:30 p.m., Plaintiff William Lund was in the Mid Town district of Rockford. Before arriving at the area, Plaintiff had learned that police activity was afoot by monitoring scanner traffic.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 16 of the Complaint.

17. Plaintiff was on a low power bicycle that had a gasoline engine of less than one horsepower. The engine on the bicycle was not able to exceed a speed of 20 m.p.h. Under Illinois law, an individual operating a bicycle with an engine of one horsepower or less is not required to have a driver's license or insurance.

**ANSWER:** Paragraph 17 of the Complaint asserts a legal conclusion to which no answer is required; Officer Torrance denies the remaining allegations in paragraph 17 of the Complaint.

18. When Plaintiff arrived in the Mid Town district, he witnessed what he believed to be a police activity occurring near Parmelle Street and Broadway.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 18 of the Complaint.

19. At this time, Plaintiff moved a block away and began to document the police activity with his cellular phone.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 19 of the Complaint.

20. Defendants Welsh and Campbell approached Plaintiff and told him he needed to leave.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 20 of the Complaint.

21. Plaintiff asked Defendants Welsh and Campbell if he was breaking any laws.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 21 of the Complaint.

22. Defendants Welsh and Campbell told Plaintiff that he was not breaking any laws.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 22 of the Complaint.

23. Defendants Welsh and Campbell then told Plaintiff that if he did not leave, he would be placed under arrest.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 23 of the Complaint.

24. Plaintiff told Defendants Welsh and Campbell that he would leave.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 24 of the Complaint.

25. As Plaintiff was leaving the area, he said goodbye to some of the officers involved in the police activity.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 25 of the Complaint.

71322011v1 0996346

26. Defendants Welsh and Campbell proceeded to stop Plaintiff and place him in handcuffs. The Defendants Welsh and Campbell then reached an agreement to arrest and criminally charge Plaintiff, despite knowing he had committed no crime.

**ANSWER:** Officer Torrance admits that Officers Welsh and Campbell arrested Plaintiff and placed Plaintiff in handcuffs, but denies the remaining allegations in paragraph 26 of the Complaint.

27. After Plaintiff was handcuffed, he advised Defendants Welsh and Campbell that he had a copy of the statute on his person that showed he was able to operate his low powered bicycle without insurance or a driver's license. The Defendants retrieved Plaintiff's copy of the statute, examined it, and proceeded to ticket Plaintiff anyway.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 27 of the Complaint.

28. Plaintiff was placed under arrest and charged with obstructing a peace officer, improper lane usage, operating an uninsured vehicle and aggravated driving while license revoked. In fact, Plaintiff was only detained by Defendant Officers for photographing and documenting the police activity that was occurring on a public street, not for any of the crimes of which he was falsely charged. Defendants Welsh and Campbell initiated these criminal charges against Plaintiff knowing there was no probable cause to support them.

**ANSWER:** Officer Torrance admits that Plaintiff was charged with the stated offenses, but denies the remaining allegations in paragraph 28 of the Complaint.

29. Defendant Torrance instructed Defendants Welsh and Campbell to take Plaintiff's cellular phone. There was no legal justification to seize Plaintiff's cellular phone.

**ANSWER:** Officer Torrance admits that he instructed Officers Welsh and Campbell to seize Plaintiff's cellular phone, but denies the remaining allegations in paragraph 29 of the Complaint.

30. None of the Defendant Officers intervened to prevent the unlawful arrest of Plaintiff or the willful seizure of his property, despite having a duty and opportunity to do so.

**ANSWER:** Officer Torrance admits that neither he nor Officers Campbell or Welsh prevented Plaintiff's arrest or the seizure of his cellular phone, but denies the remaining allegations in paragraph 30 of the Complaint.

31. The Defendant Officers provided their own destructive media spin of the event, by falsely representing to several media outlets that Plaintiff had been arrested as part of a prostitution sting. Plaintiff's name and booking photo were provided to the media along with the actual prostitution suspects.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny whether Plaintiff's name and booking photo were provided to the media along with the prostitution suspects, and denies the remaining allegations in paragraph 31 of the Complaint.

32. On February 12, 2016, all charges against Plaintiff were dismissed on motion of the Winnebago County State's Attorney's Office.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 32 of the Complaint.

33. On Mach 31, 2016, Plaintiff signed a complaint against the Defendant Officers. On June 17, 2016, Plaintiff received a letter from the Rockford Chief of Police that indicated that Plaintiff's complaints against the Defendant Officers were sustained.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 33 of the Complaint.

34. As a result of the Defendant Officers' conduct, Plaintiff suffered loss of freedom, emotional harm, and incurred legal expenses.

**ANSWER:** Officer Torrance denies the allegations in paragraph 34 of the Complaint.

### COUNT I– 42 U.S.C. § 1983
### FALSE ARREST/UNLAWFUL DETENTION

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Officer Torrance incorporates and adopts his answers to paragraphs 1-34 of the Complaint as set forth above.

36. The actions of Defendants Welsh and Campbell in falsely seizing, searching, detaining, and arresting Plaintiff without a warrant or probable cause violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C.§ 1983.

**ANSWER:** Officer Torrance makes no response to this allegation, as this Count is not directed against Officer Torrance. To the extent an answer is required, Officer Torrance denies the allegations in paragraph 36 of the Complaint.

37. As a proximate result of the aforementioned actions by Defendants Welsh and Campbell, Plaintiff suffered loss of freedom, emotional harm, and incurred legal expenses.

**ANSWER:** Officer Torrance makes no response to this allegation, as this Count is not directed against Officer Torrance. To the extent an answer is required, Officer Torrance denies the allegations in paragraph 37 of the Complaint.

### COUNT II– 42 U.S.C. § 1983
### Unreasonable/Illegal Search & Seizure

38. Plaintiff repeats and realleges the foregoing paragraph as if fully set forth herein.

**ANSWER:** Officer Torrance incorporates and adopts his answers to paragraphs 1-37 of the Complaint as set forth above.

39. The actions of the Defendants Welsh and Campbell of seizing Plaintiff for taking photographs, and seizing and/or destroying Plaintiff's cellular phone, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

**ANSWER:** Officer Torrance makes no response to this allegation, as this Count is not directed against Officer Torrance. To the extent an answer is required, Officer Torrance denies the allegations in paragraph 39 of the Complaint.

40. As a proximate result of the aforementioned actions by Defendants Welsh and Campbell, Plaintiff suffered loss of freedom, emotional harm, and legal expenses.

**ANSWER:** Officer Torrance makes no response to this allegation, as this Count is not directed against Officer Torrance. To the extent an answer is required, Officer Torrance denies the allegations in paragraph 40 of the Complaint.

## COUNT III– 42 U.S.C. § 1983
### Failure to intervene

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Officer Torrance incorporates and adopts his answers to paragraphs 1-40 of the Complaint as set forth above.

42. The action, or inaction, of Defendants Welsh and Campbell in failing to intervene to protect Plaintiff from false arrest and unreasonable search and seizure, despite the duty and reasonable opportunity to do so, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

**ANSWER:** Officer Torrance makes no response to this allegation, as this Count is not directed against Officer Torrance. To the extent an answer is required, Officer Torrance denies the allegations in paragraph 42 of the Complaint.

43. As a proximate result of the aforementioned actions by Defendants Welsh and Campbell, Plaintiff suffered loss of freedom, emotional harm, and incurred legal expenses.

**ANSWER:** Officer Torrance makes no response to this allegation, as this Count is not directed against Officer Torrance. To the extent an answer is required, Officer Torrance denies the allegations in paragraph 43 of the Complaint.

## COUNT IV– 42 U.S.C.§ 1983
### Supervisory Liability

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Officer Torrance incorporates and adopts his answers to paragraphs 1-43 of the Complaint as set forth above.

45. As a sergeant, Defendant Torrance acted in his role as a supervisor of Defendants Welsh and Campbell, and was also personally involved in the actions described in this Complaint.

**ANSWER:** Officer Torrance admits that he acted as a supervisor of Officers Welsh and Campbell on the date in question, but denies the remaining allegations in paragraph 45 of the Complaint as it is not clearly stated what alleged actions Plaintiff claims Officer Torrance was personally involved.

46. Defendant Torrance knowingly and with reckless indifference to the constitutional rights of Plaintiff directed and/or consented to the actions described herein and failed to properly supervise, instruct, control, and/or discipline the other named Defendant Officers.

**ANSWER:** Officer Torrance denies the allegations in paragraph 46 of the Complaint.

47. As a proximate result of the aforementioned actions by Defendant Torrance, Plaintiff suffered loss of freedom, emotional harm, and incurred legal expenses.

**ANSWER:** Officer Torrance denies the allegations in paragraph 47 of the Complaint.

WHEREFORE, Defendant EDDIE TORRANCE respectfully requests that this Court enter judgment in his favor and against Plaintiff on Count IV of Plaintiff's Complaint.

## COUNT V– 42 U.S.C. § 1983
## First Amendment Retaliation

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Officer Torrance incorporates and adopts his answers to paragraphs 1-47 of the Complaint as set forth above.

49. The First Amendment to the United States Constitution guarantees Plaintiff's rights, as a member of the press, to document matters of public concern without fear of unjust retaliation.

**ANSWER:** Officer Torrance states that the First Amendment to the United States Constitution speaks for itself. Officer Torrance has insufficient knowledge to admit or deny whether Plaintiff is a member of the press.

50. Plaintiff engaged in activity protected by the First Amendment. In direct retaliation for Plaintiff's exercise of these rights, the Defendant Officers arrested Plaintiff with no probable cause, and solely because Plaintiff was documenting police activity that was occurring on a public street. Defendant Officers' actions violated Plaintiff's rights under the

First, Fourth and Fourteenth Amendments to the United States Constitution and hence violated 42 U.S.C. § 1983.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny whether Plaintiff engaged in activity protected by the First Amendment, as it is not clear what activity Plaintiff is referring to in paragraph 50 of the Complaint; Officer Torrance denies the remaining allegations in paragraph 50 of the Complaint.

51. The Defendant Officers further retaliated against Plaintiff by falsely informing the media that Plaintiff was part of a prostitution sting, though they knew Plaintiff was not involved in any prostitution-related activity and would not be charged with any such crime.

**ANSWER:** Officer Torrance denies the allegations in paragraph 51 of the Complaint.

52. The Defendant Officers purposely provided this disinformation to the media to punish Plaintiff for his protected First Amendment activity and to discredit his professional and personal character in the community.

**ANSWER:** Officer Torrance denies the allegations in paragraph 51 of the Complaint.

53. As the Defendant Officers expected, several news outlets reflexively reported this wholly negative and false information provided by the Defendant Officers. To this day, a web search of Plaintiff by his name paired with "Rockford" immediately yields several stories that feature his booking photo under sordid headlines about suspects arrested in a prostitution sting. The effect of this disinformation continues to damage Plaintiff's reputation.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny whether information concerning Plaintiff was reported by news outlets or the results of a web search of Plaintiff; Officer Torrance denies the remaining allegations in paragraph 53 of the Complaint.

54. As a proximate result of the aforementioned actions by the Defendant Officers, Plaintiff suffered loss of freedom, emotional harm, and incurred legal expenses.

**ANSWER:** Officer Torrance denies the allegations in paragraph 54 of the Complaint.

WHEREFORE, Defendant EDDIE TORRANCE respectfully requests that this Court enter judgment in his favor and against Plaintiff on Count V of Plaintiff's Complaint.

### COUNT VI – U.S.C. § 1983
### Conspiracy

55. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Officer Torrance incorporates and adopts his answers to paragraphs 1-54 of the Complaint as set forth above.

56. The Defendant Officers reached an agreement amongst themselves to unlawfully arrest and/or conceal any of the aforementioned illegal acts that had occurred and violated Plaintiff's First, Fourth, and Fourteenth Amendment rights to the United Stated Constitution and hence violated 42 U.S.C. § 1983.

**ANSWER:** Officer Torrance denies the allegations in paragraph 56 of the Complaint.

57. In so doing, the Defendant Officers took actions in furtherance of this conspiracy causing injury to Plaintiff, including but not limited to arresting Plaintiff and charging him with a crime without probable cause.

**ANSWER:** Officer Torrance denies the allegations in paragraph 57 of the Complaint.

58. As a result of all the aforementioned actions by the Defendant Officers, Plaintiff suffered loss of liberty, emotional harm, and legal expenses.

**ANSWER:** Officer Torrance denies the allegations in paragraph 58 of the Complaint.

WHEREFORE, Defendant EDDIE TORRANCE respectfully requests that this Court enter judgment in his favor and against Plaintiff on Count VI of Plaintiff's Complaint.

71322011v1 0996346

## COUNT VII – 42 U.S.C. § 1983
## 42 U.S.C.§ 1983 Malicious Prosecution[1]

59. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Officer Torrance incorporates and adopts his answers to paragraphs 1-58 of the Complaint as set forth above.

60. Defendants Welsh and Campbell, despite knowing that probable cause did not exist to arrest and prosecute Plaintiff for the charges set forth above, acted individually, jointly, and/or in a conspiracy, to cause Plaintiff to be arrested, detained and prosecuted for those crimes, thereby violating Plaintiff's right pursuant to the Fourth and Fourteenth amendments of the United States Constitution to be free from unreasonable searches and seizures and to due process.

**ANSWER:** Officer Torrance denies the allegations in paragraph 60 of the Complaint.

61. On February 12, 2016, the criminal case was terminated in Plaintiff's favor when the Winnebago County State's Attorney's Office dismissed all charges.

**ANSWER:** Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 61 of the Complaint.

62. As a direct and proximate cause of this violation of his constitutional rights, Plaintiff suffered the injuries set forth above, including, but not limited to, physical restraint, loss of liberty and emotional harm.

**ANSWER:** Officer Torrance denies the allegations in paragraph 62 of the Complaint.

WHEREFORE, Defendant EDDIE TORRANCE respectfully requests that this Court enter judgment in his favor and against Plaintiff on Count VII of Plaintiff's Complaint.

---

[1] Plaintiff recognizes that the Seventh Circuit Court of Appeals has held that there is no cause of action in Illinois for malicious prosecution under 42 U.S.C. § 1983. However, Plaintiff wishes to preserve this claim pending consideration of this issue by the United States Supreme court in *Manual v. City of Joliet,* No. 14-9496.

71322011v1 0996346

### COUNT VIII – State Law Claim
### Malicious Prosecution (*Respondeat Superior*)

63. Plaintiff repeats and alleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Officer Torrance incorporates and adopts his answers to paragraphs 1-62 of the Complaint as set forth above.

64. Defendants Welsh and Campbell maliciously caused Plaintiff to be improperly subjected to judicial proceeding(s) for which there was no probable cause.

**ANSWER:** Officer Torrance denies the allegations in paragraph 64 of the Complaint.

65. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all proceedings were terminated in a manner consistent with Plaintiff's innocence.

**ANSWER:** Officer Torrance denies the allegations in paragraph 65 of the Complaint.

66. As a result of all the aforementioned actions by Defendants, Plaintiff suffered loss of freedom and liberty, loss of society, emotional harm, pecuniary injury, and legal expenses.

**ANSWER:** Officer Torrance denies the allegations in paragraph 66 of the Complaint.

WHEREFORE, Defendant EDDIE TORRANCE respectfully requests that this Court enter judgment in his favor and against Plaintiff on Count VIII of Plaintiff's Complaint.

### COUNT IX – Indemnification

67. Plaintiff repeats and realleges the foregoing paragraph as if fully set forth herein.

**ANSWER:** Officer Torrance incorporates and adopts his answers to paragraphs 1-66 of the Complaint as set forth above.

68. Defendant City of Rockford is the indemnifying entity for the actions, described above, of the Defendant Officers.

**ANSWER:** Officer Torrance makes no response to this allegation as this Count is not directed against Officer Torrance. To the extent an answer is required, Officer Torrance has insufficient knowledge to admit or deny the allegations in paragraph 68 of the Complaint.

**AFFIRMATIVE DEFENSES**

EDDIE TORRANCE, one of the Defendants in the above-captioned matter, by and through his attorney, Michael F. Iasparro, for his Affirmative Defenses to Counts I through VIII of Plaintiff's Complaint, states as follows:

1. The actions of Defendant EDDIE TORRANCE were undertaken in his capacity as a police officer and were further subjectively and objectively reasonable based upon the totality of the circumstances.

2. The actions of Defendant EDDIE TORRANCE were undertaken in his capacity as a police officer and further fall within the protections afforded by qualified immunity and statutory immunity under the Illinois Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq*.

3. The actions of Defendant EDDIE TORRANCE were undertaken in his capacity as a police officer and further fall within the protections afforded by qualified immunity inasmuch as all of his actions were undertaken as a police officer acting within the scope of his discretion in making an arrest.

4. The actions of Defendant EDDIE TORRANCE were undertaken in his capacity as a police officer and further fall within the protections afforded by qualified immunity inasmuch as all of his actions were undertaken with the reasonable belief that the Plaintiff was in the act of committing and/or had committed a criminal offense.

5. The actions of Defendant EDDIE TORRANCE were undertaken in his capacity as a police officer and further fall within the protections afforded by qualified immunity inasmuch as his actions did not violate the Plaintiff's clearly established constitutional rights.

6. Probable cause existed to effectuate Plaintiff's arrest.

71322011v1 0996346

7. There is no cause of action in Illinois for malicious prosecution under 42 U.S.C. § 1983.

8. Defendant EDDIE TORRANCE reserves the right to amend this Answer in order to assert any additional affirmative defenses that may be uncovered or made known during the pendency of this case.

WHEREFORE, Defendant EDDIE TORRANCE respectfully requests that this Court enter judgment in his favor on Counts I through VIII of Plaintiff's Complaint, and for such other relief as is deemed just and necessary.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

        /s/ Michael F. Iasparro
        Michael F. Iasparro

Michael F. Iasparro
Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
Telephone: 815-490-4900
Facsimile: 815-490-4901
miasparro@hinshawlaw.com