IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| WILLIAM LUND, ) | Case No. 17-cv-50035 |
| Plaintiff, ) | |
| ) | Judge: Frederick J. Kapala |
| v. ) | |
| ) | Magistrate Judge: Iain D. Johnston |
| CITY OF ROCKFORD, et al., ) | |
| Defendants. ) | |

**DEFENDANT OFFICERS' AND DEFENDANT CITY OF ROCKFORD'S JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

NOW COME Defendants Sean Welsh, Timothy Campbell, and Eddie Torrance (hereinafter the "Defendant Officers"), by and through their attorney, Michael F. Iasparro of Hinshaw & Culbertson LLP, together with Defendant City of Rockford, by and through its attorney, Ifeanyi Mogbana of the City of Rockford's Department of Law, and for their Joint Response in Opposition to Plaintiff's Motion to Compel, state as follows:

**I.  Introduction**

The focus of Plaintiff's Motion to Compel (Dkt. No. 22, hereinafter "Motion") is twelve pages of the City of Rockford Police Department's Internal Investigation report dated March 20, 2016 ("Report"), a Report pertaining to Plaintiff's citizen complaint filed with the Department subsequent to his arrest on May 25, 2015. The events of May 25, 2015 also form the basis for the allegations in Plaintiff's Complaint in this case. Some or all of the twelve pages were redacted prior to production to Plaintiff's counsel pursuant to the self-critical analysis privilege, a privilege which has been recognized by this Court. The vast majority of the 89-page Report was produced to Plaintiff's counsel. Defense counsel redacted only those portions of the Report

which contain subjective analysis, recommendations and/or conclusions, pursuant to the self-critical analysis privilege.[1]

## II. This Court has recognized the self-critical analysis privilege in an almost identical factual context as is present in this case.

Plaintiff overstates Seventh Circuit precedent in his Motion, and omits critical aspects from his summary of several of the cases cited in support of his argument. For example, at page 2 of his Motion, Plaintiff cites *Burden-Meeks v. City of Country Club Hills* for the proposition that the self-critical analysis privilege does not exist in the Seventh Circuit, based on language that it is "a privilege never recognized in this circuit." Motion at 2, quoting 319 F.3d 897, 900 (7th Cir. 2003). While the quoted language does derive from *Burden-Meeks*, it is taken out of context and, perhaps more importantly, Plaintiff neglected to mention what the Seventh Circuit said later in the opinion: "When IRMA (the Intergovernmental Risk Management Agency] showed the Mayor [of Country Club Hills, Illinois] a copy of the report, it waived any privilege it possesses – which makes it unnecessary to decide whether a 'self-critical analysis privilege' exits or (if it does) covers criticism of an organization's members." *Id.* at 901. The Seventh Circuit did not say in *Burden-Meeks* that the self-critical analysis privilege does not exist. That issue was not before the court. The report at issue in *Burden-Meeks* was prepared by the IRMA's lawyers to assess whether the City of Country Club Hills, a member municipality of that risk-sharing intergovernmental cooperative agency, was doing enough to curtail litigation expense. *Id.* at 898. The IRMA report was ordered disclosed because any privilege which may have attached – most importantly for that decision the attorney-client privilege – had been waived

---

[1] So that the Court may conduct an in camera review of the Report at issue in evaluating Plaintiff's Motion, the Court is being provided with an unredacted copy of the entire 89-page Report, without exhibits, along with the judge's copy of this Response which is being delivered to Chambers contemporaneous with the filing of this Response. In addition, the Court is being provided with the pertinent pages showing the redactions made pursuant to the self-critical analysis privilege (which contain Bates numbers Officers 000070 – Officers 000071 and Officers 000079 – Officers 000088).

2
300282515v1 0996346

when the report was released outside of the IRMA to the Mayor of Country Club Hills, a separate entity not covered by the applicable attorney-client privilege. *Id.* at 902.

Similarly, Plaintiff's citation to *Buechel v. United States* to support the contention that the self-critical analysis privilege has not been recognized in the Seventh Circuit overstates the holding of that case. In *Buechel*, which cited to *Burden-Meeks*, the district court made clear that the defendant in the case, which was the party seeking to protect certain materials from disclosure, "did not make any argument for the adoption of [the self-critical analysis] privilege." 2010 WL 3310243 at *8 (S.D. Ill. 2010). Thus, because the issue was not before it, the district court declined the opportunity "to expand the federal common law." *Id.* The *Buechel* court did not hold that the self-critical analysis privilege does not exist in the Seventh Circuit, which is the implication of Plaintiff's Motion and citation to the *Buechel* case. Again, that issue was not reached.

Perhaps most pertinent to the issue here is *Gardner v. Johnson*, 2008 WL 3823713 (N.D. Ill. 2008), a case arising out of this District and Division. *Gardner* was a case brought pursuant to 42 U.S.C. § 1983 which involved, like here, the Rockford Police Department. *Id.* at *1. In *Gardner*, like here, the defendants' initial Rule 26(a)(1) disclosures revealed the existence of an investigation file which was created as a result of Plaintiff's complaints to the Department concerning Plaintiff's arrest. *Id.* The defendants withheld portions of the internal investigation file, including the entire investigation report, claiming the self-critical analysis privilege. *Id.* This Court cited *Burden-Meeks* for the proposition that the self-critical analysis privilege has never been adopted as federal common law by the Seventh Circuit. *Id.* at *2. The Court then pointed out that "the privilege has on occasion been recognized by courts within the Northern District of Illinois." *Id.* (citing *Tice v. American Airlines*, 192 F.R.D. 270 (N.D. Ill. 2000); *Ludwig v. Pilkington N. Am., Inc.*, 2004 WL 1898238 at *1-2 (N.D. Ill. 2004); *Hobley v. Burge*,

3

2006 WL 1460028 (N.D. Ill. 2008)). *See also Scott v. City of Peoria*, 280 F.R.D. 419, 423 (C.D. Ill. 2011) ("There can be no doubt that [the self-critical analysis] privilege exists….").

In *Gardner*, this Court pointed out that it had previously addressed the issue in *DeLuna v. City of Rockford*, No. 00 C 50040, another § 1983 case involving the City of Rockford Police Department. 2008 WL 3823713 at *2. In *DeLuna*, a wrongful death case concerning a fatal shooting and an allegation of excessive force, at issue was a Firearms Review Board report completed by the Rockford Police Department, which was compiled to encourage the Department to adopt changes in policy and training where needed. *Id.* This Court in *DeLuna* applied the four-part test cited by Plaintiff in his Motion and determined that the self-critical analysis privilege did apply. *Id.* at *3. This Court determined that the recommendations and conclusions of the Firearms Review Board in *DeLuna* were subject to the privilege, whereas the part of the report containing factual, objective information was not considered privileged. *Id.* The City of Rockford was thus permitted to produce a redacted copy of the report, omitting only those portions which reflected the recommendations and conclusions of the Firearms Review Board. *Id.*

Relying on its *DeLuna* precedent, this Court in *Gardner* ruled:

> To the extent that the investigation report contains the investigator's subjective critique of the arresting officer's conduct or police department policies, defendants may redact those portions of the report before producing it. In the event the investigation report is devoid of any subjective critique of conduct or policies, defendant is to produce the entire unredacted report.

2008 WL 3823713 at *2.

**III. Defendant Officers' production of a redacted version of the Report was based on this Court's self-critical analysis privilege precedent.**

Thus, this Court has twice determined that the self-critical analysis privilege exists and applies in the context of Rockford Police Department internal investigation reports which contain subjective recommendations, conclusions and critiques of officer conduct or police department

4

policies. This Court's *DeLuna* and *Gardner* precedent informed the Defendants' production of a redacted version of the Report in this case. Recognizing that factual, objective information in the Report is subject to discovery – and not subject to the self-critical analysis privilege – the overwhelming majority of the Report was produced. By the same token, and consistent with this Court's prior rulings, the investigator's (Lt. Daniel Watton) subjective critique of the officers' conduct or police department policies was redacted from the Report because it is subject to the self-critical analysis privilege.

**IV.    Conclusion**

For all of these reasons, Defendants request that this Court deny Plaintiff's Motion to Compel, and for such other and further relief as this Court deems just and necessary.

Respectfully submitted,

/s/ Michael F. Iasparro
Michael F. Iasparro
Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
Telephone: 815-490-4900
Facsimile: 815-490-4901
miasparro@hinshawlaw.com

*Counsel for Officers Welsh, Campbell and Torrance*

/s/Ifeanyi C. Mogbana
Ifeanyi C. Mogbana
City of Rockford
425 East State Street
Rockford, IL 61104

*Counsel for City of Rockford*

# AFFIDAVIT OF SERVICE

The undersigned certifies that on August 10, 2017, she served a copy of the foregoing Defendant Officers' and Defendant City of Rockford's Joint Response in Opposition to Plaintiff's Motion to Compel upon the following:

Ifeanyi C. Mogbana
City of Rockford
425 East State Street, 7th Floor
Rockford, IL 61104
Ifeanyi.Mogbana@rockfordil.gov

Louis J. Meyer
Meyer & Kiss, LLC
311 West Stratford Drive
Peoria, IL 61614
louismeyer@meyerkiss.com

via email and by depositing a copy thereof, enclosed in an envelope, in the United States Mail at 100 Park Avenue, Rockford, Illinois 61105, proper postage prepaid, at or about the hour of 5:00 o'clock p.m., addressed as above.

_____

HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
815-490-4900