IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| WILLIAM LUND, ) | Case No. 17-cv-50035 |
| Plaintiff, ) | |
| ) | Judge Frederick J. Kapala |
| v. ) | |
| ) | Magistrate Judge Iain D. Johnston |
| CITY OF ROCKFORD, a municipal ) | |
| corporation, Rockford Police Officers SEAN ) | |
| WELSH #3865, TIMOTHY CAMPBELL ) | |
| #3852, and EDDIE TORRANCE #0211, in his ) | |
| individual and supervisory capacities, ) | |
| ) | |
| Defendants. ) | |

# PLAINTIFF'S L.R. 56.1(b)(3)(c) STATEMENT
# OF ADDITIONAL MATERIAL FACTS

1. Plaintiff William Lund is a reporter and administrator for Rockford Scanner. **(Exhibit 1, Deposition of Plaintiff, p. 8, lines 9-24).**

2. Plaintiff has worked for Rockford Scanner since 2012. **(Exhibit 1, Deposition of Plaintiff, p. 10, lines 17-21).**

3. Plaintiff writes articles for the website, goes to scenes to take photographs and interviews. **(Exhibit 1, Deposition of Plaintiff, p. 11, lines 1-6).**

4. The Rockford Scanner is a news reporting agency for Rockford, the slogan on the Rockford Scanner website is "News for the people, by the people." **(Exhibit 1, Deposition of Plaintiff, p. 10, lines 11-14, p. 12, lines 3-5).**

5. The Rockford Scanner focuses on any notable news in the Rockford area, a lot of which is crime-based or accidents. **(Exhibit 1, Deposition of Plaintiff, p. 15, lines 14-23).**

6. On May 25, 2015, the day of the arrest, Plaintiff was riding a low-power gasoline engine bicycle. **(Exhibit 1, Deposition of Plaintiff, p. 22, lines 6-8).**

7. The engine assisted with the pedaling of the bicycle. **(Exhibit 1, Deposition of Plaintiff, p. 22, lines 9-13).**

8. The gas-powered motor can allow the bicycle to go 19-20 miles an hour. **(Exhibit 1, Deposition of Plaintiff, p. 24, lines 14-17).**

9. Plaintiff's bicycle met the definition of a low-powered bicycle under the Illinois Vehicle Code. **(Exhibit 1, Deposition of Plaintiff, p. 25, lines 11-24, p. 26, line 1).**

10. Defendant Welsh is familiar with the laws related to low-powered bicycles. **(Exhibit 3, Deposition of Defendant Welsh, p. 79, lines 13-16).**

11. On May 25, 2015, Plaintiff went to the area where the Defendant-Officers were because he had monitored an elevated amount of traffic stops in that area on his scanner. **(Exhibit 1, Deposition of Plaintiff, p. 26, lines 6-19).**

12. At some point while on scene, Plaintiff realized that there was an undercover operation going on in the area. **(Exhibit 1, Deposition of Plaintiff, pps. 27-28).**

13. It is not illegal to drive around and take photographs of officers. **(Exhibit 3, Deposition of Defendant Welsh, p. 72, lines 2-6, p. 83, lines 7-9; Exhibit 4, Deposition of Defendant Torrance, p. 29, lines 1-4).**

14. It is not illegal to put photographs of police officers on social media. **(Exhibit 3, Deposition of Defendant Welsh, p. 83, lines 4-6; Exhibit 4, Deposition of Defendant Torrance, p. 42, line 22-24, p. 43 line 1, p. 45 lines 6-11).**

15. Once Plaintiff realized what was going on, he moved away into an alley. **(Exhibit 1, Deposition of Plaintiff, p. 28, lines 1-7).**

16. Within a minute of moving away to the alley, Plaintiff was approached by Defendants Welsh and Campbell. **(Exhibit 1, Deposition of Plaintiff, p. 28, lines 8-15; Exhibit 2, Video of Encounter with Plaintiff and Defendants Welsh and Campbell at 00:12).**

17. When Defendant Welsh and Campbell approached, Defendant Campbell immediately told Plaintiff "William, you gotta move on." **(Exhibit 2, Video of Encounter with Plaintiff and Defendants Welsh and Campbell at 0:12).**

18. Defendant Welsh knew Plaintiff prior to May 25, 2015. **(Exhibit 3, Deposition of Defendant Welsh, p. 39, lines 15-17).**

19. Defendants Welsh and Campbell have had dealings with Plaintiff when he was at work. **(Exhibit 3, Deposition of Defendant Welsh, p. 39, lines 18-20; Exhibit 5, Deposition of Defendant Campbell, p. 32, lines 20-23).**

20. In fact, on January 2, 2012, Defendant Welsh sent out a notification to fellow police officers regarding Plaintiff. **(Exhibit 3, Deposition of Defendant Welsh, pps. 40-41).**

21. Defendant Welsh knew that Plaintiff worked for the Rockford Scanner in May of 2015, prior to this encounter. **(Exhibit 3, Deposition of Defendant Welsh, p. 50, lines 11-23; pps. 72-73).**

22. Plaintiff asked if he was breaking any laws and Defendant Campbell said "no". **(Exhibit 2, Video of Encounter with Plaintiff and Defendants Welsh and Campbell at 0:15).**

23. Defendant Campbell told Plaintiff that he needed to leave and that if he did not leave, he would be arrested, and Plaintiff told Defendant Campbell that he would leave. **(Exhibit 2, video of encounter with Plaintiff and Defendants Welsh and Campbell at 0:19 – 0:35; Exhibit 5, Deposition of Defendant Campbell, p. 36, lines 3-16, p. 39, lines 4-9).**

24. Plaintiff then started the engine on his bike and said "goodbye, officers" to Defendants Welsh and Campbell. **(Exhibit 1, Deposition of Plaintiff, p. 35, lines 3-8).**

25. Plaintiff did not yell his goodbye to Defendants Welsh and Campbell, did not direct the goodbye or wave `to the undercover female officers, and was not trying to alert others to the presence of undercover officers **Exhibit 1, Deposition of Plaintiff, p. 35, lines 12-22; p. 36, lines 1-5; p. 101, lines 12-17).**

26. It is not illegal to say, "goodbye, officers" **(Exhibit 3, Deposition of Defendant Welsh, p. 83, lines 10-12; Exhibit 4, Deposition of Defendant Torrance, p. 29, lines 5-7, pps. 62-63.)**

27. Defendant Campbell cannot point to anything specific that was obstructed by Plaintiff yelling "goodbye officers". **(Exhibit 5, Deposition of Defendant Campbell, pps. 42-43).**

28. The detail continued after Plaintiff's arrest. **(Exhibit 5, Deposition of Defendant Campbell, p. 43, lines 15-16).**

29. Quickly after leaving from the alley, Defendants Welsh and Campbell stopped Plaintiff and took him into custody. **(Exhibit 1, Deposition of Plaintiff, p. 37, lines 14-20).**

30. Defendants Welsh and Campbell made the decision to arrest Plaintiff for obstructing after he said "goodbye officers." **(Exhibit 3, Deposition of Defendant Welsh, pps. 80-81, p. 85, lines 10-13; Exhibit 5, Deposition of Defendant Campbell, p. 65, lines 1-8).**

31. The only basis to arrest Plaintiff when they initially stopped Plaintiff was for obstructing a police investigation. Defendants Welsh and Campbell did not have any other probably cause to stop Plaintiff but for the obstruction **(Exhibit 3, Deposition of Defendant Welsh, p. 104, lines 5-10; p. 105, lines 12-14; Exhibit 5, Deposition of Defendant Campbell, p. 65, lines 1-8).**

32. Plaintiff only traveled two to three blocks before he was stopped. **(Exhibit 1, Deposition of Plaintiff, p. 37, lines 21-24).**

33. Plaintiff was told he was being placed under arrest for obstruction. **(Exhibit 1, Deposition of Plaintiff, p. 102, lines 9-12).**

34. Defendants Welsh and Campbell searched Plaintiff after he was placed in handcuffs and seized his phone. **(Exhibit 1, Deposition of Plaintiff, p. 41, lines 7-15).**

35. Defendant Torrance ordered Defendants Welsh and Campbell to take custody of Plaintiff's phone. **(Exhibit 3, Deposition of Defendant Welsh, p. 107, lines 3-13).**

36. Plaintiff was transported to the Winnebago County Jail and remained the for approximately 22 hours before he was released on bond. **(Exhibit 1, Deposition of Plaintiff, p. 42, lines 11-24).**

37. All the charges brought against Plaintiff were dismissed on the day his motion to dismiss was scheduled to be heard. **(Exhibit 1, Deposition of Plaintiff, p. 56, lines**

**16-19; Exhibit 6, Motion to Dismiss Criminal Case and Winnebago County Docket Sheet).**

38. Plaintiff filed a complaint with the Rockford Police Department regarding his arrest. **(Exhibit 1, Deposition of Plaintiff, p. 57, lines 17-20).**

39. Plaintiff received a letter from Chief O'Shea at the conclusion of the investigation into Plaintiff's complaint regarding his arrest that stated his allegations against the Defendant-Officers were supported by the evidence. (**Exhibit 1, Deposition of Plaintiff, p. 60, lines 8-22, p. 117, lines 1-24).**

40. The investigation found that Defendants Welsh, Campbell and Torrance violated Plaintiff's First Amendment Rights, Fourth Amendment Rights, and wrongly arrested Plaintiff for obstructing a peace officer. **(Exhibit 3, Deposition of Defendant Welsh, p. 143, lines 2-23; Exhibit 5, Deposition of Defendant Campbell, pps. 70-71; Exhibit 4, Deposition of Defendant Torrance, pps. 50-53).**

41. Defendant Torrance puts together a list of all individuals arrested during a sting and sends it to a lieutenant so it can be sent to the media for publication. **(Exhibit 4, Deposition of Defendant Torrance, p. 31, lines 1-19).**

42. When you Google Plaintiff's name, it appears as if he was arrested as part of a prostitution sting. **(Exhibit 4, Deposition of Defendant Torrance, p. 33, lines 3-15).**

43. Releasing the names to the media for arrests during prostitution stings is done as a form of public shaming. **(Exhibit 4, Deposition of Defendant Torrance, p. 35, lines 5-22).**

       Respectfully submitted,

       MEYER & KISS, LLC


       /s/ Daniel P. Kiss
       Daniel P. Kiss

Daniel P. Kiss
Louis J. Meyer
MEYER & KISS, LLC
53 West Jackson Blvd
Suite 1735
Chicago, IL 60604
(312)765-0100
(312)585-7803
dankiss@meyerkiss.com